UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

Z.A., by and through R.C. as next friend,  )
                                            )
      Plaintiff,                              )
                                            )
      v.                                       )      No. 4:08-CV-643 CAS
                                            )
THOMAS OSWALD,                              )
                                            )
      Defendant.                              )

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Thomas Oswald's motion to dismiss, or in the alternative, for more definite statement. Plaintiff opposes the motion and defendant has file a reply. The matter is therefore fully briefed and ready for decision. For the following reasons, the Court will grant the motion to dismiss, deny as moot the alternative motion for more definite statement, and decline to exercise supplemental jurisdiction over plaintiff's supplemental state law claims.

**Background**.

Plaintiff, a minor, brings suit through his next friend pursuant to 18 U.S.C. § 2255 for personal injuries he suffered as a result of defendant Thomas Oswald's alleged actions that occurred in violation of 18 U.S.C. §§ 2251, 2252 and 2252A.[1] Plaintiff alleges that Oswald contacted him beginning in August 2006 and eventually showed plaintiff sexually explicit magazines, persuaded plaintiff to masturbate while Oswald watched, touched plaintiff in his genital area in an attempt to

---

[1]Title 18 U.S.C. §§ 2251, et seq., are criminal statutes with a civil remedy commonly referred to as the "PROTECT Act." In 2003, Congress enacted the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub.L. No. 108-21, 117 Stat. 650 (codified in scattered sections of 18, 28 and 42 United States Code). "The PROTECT Act was designed to strengthen the laws and procedures for detecting, investigating, prosecuting and incarcerating child kidnappers and sexual offenders, including those who possess child pornography." United States v. Grigg, 442 F.3d 560 (7th Cir. 2006).

arose plaintiff, and during the fall and early winter of 2006, produced cartoons, drawings and other visual depictions of plaintiff and Oswald in sexually explicit conduct. Plaintiff alleges that during the spring and summer of 2007, ending in August 2007, Oswald obtained sexually explicit DVDs that he showed to plaintiff, performed oral sex on plaintiff, masturbated in front of plaintiff, and engaged or sought to engage in other sexual conduct with plaintiff. Plaintiff alleges that during this entire period, Oswald made and often delivered to plaintiff sexually explicit drawings of plaintiff and Oswald, and that Oswald deposited at least one drawing in the United States Mail for delivery to plaintiff.

Plaintiff alleges that as a result of Oswald's actions in violation of 18 U.S.C. §§ 2251, 2252 and 2252A, he has sustained and continues to sustain severe and disabling emotional distress, including depression, anxiety, mental anguish, embarrassment and extreme stress, and has had to obtain the help of mental health professionals.

In addition to the federal PROTECT Act claims (Counts I-III), plaintiff also asserts supplemental state law claims of breach of fiduciary duty and legal malpractice (Count IV), battery (Count V), and negligent infliction of emotional distress (Count VI).

Defendant moves to dismiss the complaint on the grounds that the Court lacks subject matter jurisdiction over the federal PROTECT Act claims in Counts I through III, and that plaintiff has failed to plead facts sufficient to state a claim for a violation of the PROTECT Act in Counts I through III. In the alternative, defendant moves for a more definite statement of the PROTECT Act counts. Defendant also moves to dismiss Count IV, which asserts a claim for legal malpractice and breach of fiduciary duty under state law, for failure to state a claim upon which relief can be granted. Finally, defendant moves the Court to decline to exercise supplemental jurisdiction over the state law claims in Counts IV, V and VI in the event the federal claims are dismissed.

**Legal Standards**.

    A. *Motion to Dismiss for Lack of Subject Matter Jurisdiction - Rule 12(b)(1)*

"In order to properly dismiss [an action] for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citing Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citation omitted)). Distinguishing between a facial and factual challenge is critical to determining how the Court should proceed when resolving a motion to dismiss for lack of subject matter jurisdiction. Under a facial challenge to jurisdiction all of the factual allegations in the plaintiff's complaint are presumed to be true, while under a factual challenge no presumptive truthfulness attaches. See Titus, 4 F.3d at 593 & n.1. Here, defendant makes a facial challenge to plaintiff's complaint. Accordingly, for purposes of this motion, all factual allegations are accepted as true. The standard applied to a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) applies equally to a motion to dismiss for lack of subject matter jurisdiction which asserts a facial challenge under Rule 12(b)(1). Id.; Satz v. ITT Financial Corp., 619 F.2d 738, 742 (8th Cir. 1980).

    B. *Motion to Dismiss for Failure to State a Claim - Rule 12(b)(6)*

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A plaintiff need not provide specific facts in support of his allegations, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam), but "must include

sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 127 S. Ct. at 1964-65 & n.3), petition for cert. filed, 77 U.S.L.W. 3052 (U.S. July 8, 2008) (No. 08-48). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1965. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Id. at 1969 (quoted case omitted).

On a motion to dismiss under Rule 12(b)(6), the Court accepts as true all of the factual allegations contained in the complaint, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 1964-65; Fed. R. Civ. P. 8(a)(2).

**Discussion**.

A. *Subject Matter Jurisdiction*

Defendant first alleges that this matter must be dismissed because the Court lacks subject matter jurisdiction. Plaintiff sues invoking a federal statute, 18 U.S.C. § 2255, that specifically authorizes a civil suit for the victim of any of several statutes that prohibit certain types of child molestation, child exploitation and child pornography. Accordingly, the Court has subject matter jurisdiction based upon the existence of a federal question. Defendant argues, however, that plaintiff cannot establish an underlying violation of 18 U.S.C. §§ 2251, 2252 or 2252A, the statutes relied on in the complaint, because those statutes require the reproduction or distribution of either "child pornography" or a "visual depiction," which defendant asserts does not include drawings or cartoons.

Assuming defendant is correct that sexually explicit drawings and cartoons of minors are not included within the list of visual depictions made illegal by the PROTECT Act, such a result does not

destroy the Court's subject matter jurisdiction; rather, plaintiff would simply be unable to state a claim based on the facts alleged in the complaint. If the issue before the Court is whether the plaintiff has failed to satisfy a threshold jurisdictional requirement, the Rule 12(b)(1) approach is appropriately applied. Trimble v. Asarco, Inc., 232 F.3d 946, 954 n.9 (8th Cir. 2000) (overruled on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005)). In contrast, "a motion to dismiss a federal claim, if predicated on failure to establish an essential element of the cause of action, should generally be analyzed under Fed. R. Civ. P. 12(b)(6), unless it can be shown that the challenged claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'" Trimble, 232 F.3d at 953 (quoting Bell v. Hood, 327 U.S. 678, 683 (1946)). "Only the most extreme cases will fail the jurisdictional test of substantiality." Id. (internal punctuation and citation omitted). "Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which [plaintiff] could actually recover." Bell, 327 U.S. at 682.

The Court finds that defendant's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) should be denied, because the true basis of the motion is not the lack of subject matter jurisdiction, but rather plaintiff's alleged failure to state a claim.

B. *Failure to State a Claim Upon Which Relief Can be Granted*

I.

Defendant also moves to dismiss the PROTECT Act counts of the complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Defendant states that a required element of 18 U.S.C. §§ 2251, 2252 and 2252A is the reproduction or distribution of either a "visual depiction" of a minor engaging in sexually explicit conduct, or "child pornography." Defendant states that a "visual depiction" is defined by 18 U.S.C. § 2256(5) to include "undeveloped film, videotape,

and data stored on computer disk or by electronic means which is capable of conversion into a visual image," and Section 2256(8) defines "child pornography" as "any visual depiction, including any photograph, film, video, or picture . . . where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct." Defendant states that drawings and cartoons are not included within the "exhaustive" list of banned visual depictions.

Defendant cites cases that interpret the federal Child Pornography Protection Act of 1996 ("CPPA"), a prior version of the statutes subsequently amended by the PROTECT Act. Defendant asserts that the CPPA was broader than the PROTECT Act plaintiff has sued under. Defendant cites the Fourth Circuit's holding that the CPPA banned only those images which are virtually indistinguishable from previously banned photographic depictions, and does not outlaw items such as drawings, cartoons and paintings. United States v. Mento, 231 F.3d 912, 921 (4th Cir. 2000), rev'd on other grounds by Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002). Defendant also cites the First Circuit's holding that "drawings, cartoons, sculptures, and paintings depicting youthful persons in sexually explicit poses plainly lie beyond the reach of the [CPPA]." United States v. Hilton, 167 F.3d 61, 72 (1st Cir.), cert. denied, 528 U.S. 844 (1999), rev'd on other grounds by Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002). This is because, "[b]y definition, they would not be 'virtually indistinguishable' from an image of an actual minor." Id. Defendant states that in Hilton, a criminal case, the government conceded that drawings or paintings would not be a visual depiction of a person. Id. at 72, n.7.

In response, plaintiff states that § 2251 makes it illegal to use, persuade, entice or coerce a minor child to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct. Plaintiff states that the term "visual depiction," which is defined by 18 U.S.C. § 2256 "includes undeveloped film and videotape, and data stored on computer disk by electronic

means which is capable of conversion into a visual image." Plaintiff asserts that use of the phrase "any visual depiction" in §2251 was intended as a broad term, and is not limited by the definition contained in §2256. Without citation to any authority, plaintiff asserts, "Rather than emphasize the nature of the image, the definition emphasizes the production process of the image as illustrated by its inclusion of undeveloped film and videotape. No matter what the 'image' is, if its production involved sexual abuse of a child, it is illegal." Pl.'s Mem. Opp. at 7. Plaintiff attaches to his opposition memorandum copies of three hand-drawn cartoons allegedly produced by defendant, two of which are alleged to depict the plaintiff.

Plaintiff states that his complaint alleges that (1) defendant produced sexually explicit drawings and delivered those drawings to plaintiff, (2) defendant induced plaintiff to engage in sexual activities, (3) the drawings produced by defendant depicted plaintiff in sexual activities, and (4) the drawings both recorded the events and were used to induce plaintiff into further sexual acts. Plaintiff contends that under the PROTECT Act, at least some of the drawings produced by defendant are visual depictions of an actual minor engaging in sexually explicit conduct, and therefore are covered by the statute.

Plaintiff further responds that § 2252 makes it illegal to transport in interstate commerce, mail, receive or distribute a visual depiction involving the use of a minor engaging in sexually explicit conduct, if the visual depiction is of that conduct. Plaintiff reiterates that the statute uses the term "visual depiction" and states that the Supreme Court has permitted the prohibition of such "visual depictions" where an actual minor was used in the production of sexually explicit material, citing New York v. Ferber, 458 U.S. 747, 764 (1982). Plaintiff asserts that Section 2251 and 2252 "are allowed to have a broader scope because the statutes mandate that an actual child was used in the production of the prohibited materials." Pl.'s Mem. Opp. at 10.

7

Plaintiff contends that defendants incorrectly analyze the First Circuit's <u>Hilton</u> decision. Plaintiff states that in <u>Hilton</u>, the defendants were challenging the constitutionality of regulating child pornography where no child participated in its production, and asserts that there is a more restrictive standard on prohibitions which may limit free speech when there is not a child involved in the production of the sexually explicit material. In such a situation, plaintiff states that the depiction must be "virtually indistinguishable" from an actual minor. Plaintiff asserts that where an actual minor is not used in the production of the material, drawings and cartoons cannot be said to be "virtually indistinguishable" from an actual minor. In contrast, in this case, plaintiff asserts that because an actual minor was used in the production of the materials, the drawings and cartoon are "virtually indistinguishable" from an actual minor.

Finally, plaintiff states that section 2252A prohibits the possession and mailing or transporting in interstate commerce of child pornography. Plaintiff states that child pornography may consist of any of the following categories of material: (1) any visual depiction of sexually explicit conduct where the production of such visual depiction involves the use of a minor; (2) any visual depiction of sexually explicit conduct whose production did not use an actual minor but the image is indistinguishable from a minor; and (3) any visual depiction of sexually explicit conduct where the depiction was created to appear as though an identifiable minor was used in its production, even though an actual minor was not used.

Plaintiff states that the production of the visual depictions did involve an actual minor's sexual acts in this case. Plaintiff asserts that "any limitations on drawings merely refer to the two categories of pornography that do not involve an actual minor in its production." Pl.'s Mem. Opp. at 12. Again, plaintiff cites no legal authority in support of his position. Plaintiff asserts that his complaint is

8

sufficient to state a claim under § 2252A because it asserts that defendant produced visual depictions using plaintiff in the production of sexually explicit depictions.

Defendant replies that with respect to § 2251, the plain language of the statute requires that the sexually explicit conduct be induced "for the purpose of producing any visual depiction of such conduct." Defendant argues that this phrase requires that (1) the reason for the sexually explicit conduct must be to create a visual depiction, and (2) the visual depiction must be of that conduct, and that neither requirement is met here. Defendant states that the three cartoons submitted by plaintiff do not support plaintiff's allegations, because they do not depict plaintiff and defendant engaged in sexually explicit conduct, or depict masturbation or oral sex, as alleged in the complaint. Defendant asserts that it defies common sense to suggest that plaintiff was induced to engage in masturbation and oral sex for the purpose of producing the three cartoons. Defendant also asserts that plaintiff fails to disclose whether any of the three cartoons have any connection to interstate or foreign commerce, or whether they were mailed, as the statute requires.

With respect to Section 2252, defendant states that while plaintiff relies on the statute's requirement that an actual minor be used in the production of the sexually explicit material, plaintiff did not participate in the process of producing the cartoons. Defendant also states that Section 2252 requires that the "visual depiction" be of "such conduct," but asserts that the three cartoons do not depict any of the sexually explicit conduct alleged in the complaint. Defendant defends his analysis of Hilton, asserting that the First Circuit's statement that drawings, cartoons, sculptures and paintings depicting youthful persons in sexually explicit poses lie beyond the reach of the CPPA was not limited to visual depictions created without the use of real minors, as plaintiff contends.

With respect to Section 2252A, defendant rejects plaintiff's attempt to characterize the three cartoons as child pornography. Defendant states that plaintiff relies on the definition of child

9

pornography in 18 U.S.C. § 2256(8)(A), which defines the term as "any visual depiction . . . of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct." Defendant reiterates that the sexually explicit conduct in which plaintiff allegedly engaged could not have been used to produce the cartoons plaintiff submitted.

Defendant also asserts that Sections 2251, 2252 and 2252A are criminal statutes, and invokes strict construction as "resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered." United States v. Lanier, 520 U.S. 259, 266 (1997). Defendant argues that the criminal statutes at issue do not clearly cover drawings or cartoons, and contends that plaintiff relies on an overly broad reading of the statutes to assert his claims.

## II.

Congress first enacted comprehensive child pornography legislation in 1977 with the Sexual Exploitation of Children Act. Pub.L. No. 95-222, 92 Stat. 7 (1977) (codified as amended at 18 U.S.C.A. §§ 2251-2253). Later amendments extended the statutes' scope to include the use of computers to transport, distribute, or receive child pornography. Child Protection and Obscenity Enforcement Act of 1988, Pub.L. No. 100-690, 102 Stat. 4486 (1988) (codified as amended at 18 U.S.C.A. § 2252).

In 1996, Congress enacted the CPPA to amend 18 U.S.C. § 2251 et seq., in response to the proliferation of computer-generated or "virtual" child pornography and the resulting problems in enforcing federal child pornography statutes that required the government to prove an actual minor had been used in the production of the pornography.[2] The "main target of the CPPA [was]

---

[2]For example, Congress found that computers and computer imaging technology can be used to "[1] produce . . . visual depictions of what appear to be children engaging in sexually explicit conduct that are virtually indistinguishable to the unsuspecting viewer from unretouched photographic

10

computer-generated images virtually indistinguishable from real children engaged in sexually explicit conduct." Ashcroft, 535 U.S. at 269 (Rehnquist, J., dissenting). The CPPA expanded the definition of child pornography to include visual depictions that "appear to be" or "convey the impression of" minors engaging in sexually explicit conduct.

In support of the CPPA, Congress offered the following justifications: (1) preventing the use of "virtual" child pornography to seduce children; (2) protecting all children from the harmful effects of child pornography, including the myriad minors not actually depicted or used in its production; (3) eliminating pornographic images that "whet the appetites" of pedophiles to abuse children sexually; (4) destroying the child pornography market, and (5) prosecutorial necessity. S. Rep. No. 104-358, at 12-20. Congress was particularly concerned that "[i]f the government must continue to prove beyond a reasonable doubt that mailed photos, smuggled magazines or videos, traded pictures, and computer images being transmitted on the Internet, are indeed actual depictions of an actual minor engaging [in] the sex portrayed, then there could be a built-in reasonable doubt argument in every child exploitation/pornography prosecution." Id. at 16 (internal quotation marks omitted).

Under the prior version of the statutes, the circuit courts of appeal which had addressed the issue generally concluded that the CPPA was not intended to cover cartoons, drawings, sculptures and paintings. See Hilton, 167 F.3d at 72 (noting that such images "[b]y definition, . . . would not be 'virtually indistinguishable' from an image of an actual minor"); Mento, 231 F.3d at 921 (the PROTECT Act "does not outlaw items such as drawings, cartoons, or paintings.").

---

images of actual children engaging in sexually explicit conduct . . . [2] alter sexually explicit photographs, films, and videos in such a way as to make it virtually impossible . . . to determine if the offending material was produced using children . . . [and][3] alter innocent pictures of children to create visual depictions of those children engaging in sexual conduct [.]" S. Rep. No. 104-358, at 2 (1996).

11

In Ashcroft v. Free Speech Coalition, 535 U.S. 234, the Supreme Court held that two provisions in the definition of child pornography contained in Section 2256(8) were too broad and therefore unconstitutional, because they did not limit the child-pornography prohibition to material that could be proved to feature actual children. See United States v. Williams, 128 S. Ct. 1830, 1837 (2008). In 2003, in response to Ashcroft, Congress enacted the PROTECT Act. In passing the PROTECT Act, Congress expressed its fear that "[t]he mere prospect that the technology exists to create composite or computer-generated depictions that are indistinguishable from depictions of real children will allow defendants who possess images of real children to escape prosecution . . . . This threatens to render child pornography laws that protect real children unenforceable." See § 501(13), 117 Stat. 676-678.

The PROTECT Act, inter alia, added subsection (11) to 18 U.S.C. § 2256, which defines the term "indistinguishable" as used in the statute as follows:

> the term "indistinguishable" used with respect to a [visual] depiction, means virtually indistinguishable, in that the depiction is such that an ordinary person viewing the depiction would conclude that the depiction is of an actual minor engaged in sexually explicit conduct. This definition does not apply to depictions that are drawings, cartoons, sculptures, or paintings depicting minors or adults.

18 U.S.C. § 2556(11). By its plain language, this section indicates that Congress did not intend the PROTECT Act to apply to visual depictions that are drawings, cartoons, sculptures, or paintings depicting minors or adults. This interpretation is supported by the legislative history of the 2003 amendments, which indicates that the PROTECT Act was enacted to respond to the Supreme Court's concerns by narrowing the definition of child pornography. See H.R. Rep. 108-66, at 25-27 (2003) (Conf. Rep.); H.R. Rep. 108-805, at 151 (2005).[3]

---

[3]The Court notes that the PROTECT Act also included the enactment of Section 504 of Public Law No. 108-66, codified at 18 U.S.C. § 1466A(a), which criminalizes the production,

12

Based on the language of the relevant statutes, the Court concludes that plaintiff's complaint fail to state a claim under the PROTECT Act, because it is based on defendant's alleged action in creating cartoons, which are not included within the definitions of "visual depiction" or "child pornography" in the Act. As a result, defendant's motion to dismiss for failure to state a claim should be granted, and his alternative motion for more definite statement should be denied as moot.

C. *Supplemental State Law Claims*

Count IV of the complaint asserts a claim for legal malpractice and/or breach of fiduciary duty under state law. Defendant moves to dismiss Count IV for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Defendant also asserts that the Court lacks supplemental jurisdiction over Count IV because the claims therein do not arise out of the same nucleus of operative facts as the federal claims. In the event the federal claims were dismissed, defendant moves the Court to decline to exercise supplemental jurisdiction over the state law claims in Counts IV, V and VI pursuant to 28 U.S.C. § 1367(c)(3).

No federal claims remain in this action. Accordingly, the Court must determine whether the state law claims before it should proceed. In order to invoke this Court's diversity jurisdiction, the amount in controversy must exceed $75,000.00, exclusive of interest and costs, and there must be complete diversity of citizenship among the parties. 28 U.S.C. § 1332(a); see Sanders v. Clemco

---

distribution, receipt or possession with intent to distribute a "visual depiction of any kind, including a <u>drawing, cartoon, sculpture or painting</u>, that (1)(A) depicts a minor engaging in sexually explicit conduct; and (B) is obscene; or (2)(A) depicts an image that is, or appears to be, of a minor engaging in graphic bestiality, sadistic or masochistic abuse, or sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; and (B) lacks serious literary, artistic, political, or scientific value[.]" 18 U.S.C. § 1446A (emphasis added). The enactment of this section indicates that obscene visual depictions of minors engaging in sexually explicit conduct including drawings, cartoons, sculptures or paintings were not criminalized under sections 2251, 2252 and 2252A. A violation of section 1446A does not give rise to an action for damages under 18 U.S.C. § 2255, however, as the statute is not among those listed in section 2255.

Industries, 823 F.2d 214, 215 n.1 (8th Cir. 1987). Complete diversity of citizenship does not exist, as both plaintiff and defendant are citizens of the State of Missouri.

It is within the discretionary authority of this Court to decline to exercise supplemental jurisdiction over state law claims once it has dismissed "all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has stated that if "the federal claims are dismissed before trial . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). When state and federal claims are joined and all federal claims are dismissed, the state claims are ordinarily dismissed without prejudice to avoid needless decisions of state law, as a matter of comity. American Civil Liberties Union v. City of Florissant, 186 F.3d 1095, 1098-99 (8th Cir. 1999) (quoting Birchem v. Knights of Columbus, 116 F.3d 310, 314 (8th Cir. 1997)). "[F]ederal courts should exercise judicial restraint and avoid state law issues wherever possible." Thomas v. Dickel, 213 F.3d 1023, 1026 (8th Cir.) (internal punctuation and quoted case omitted), cert. denied, 531 U.S. 1013 (2000).

This case was filed in May 2008. A case management order was issued in September 2008, so the case is in its initial stages. The Court concludes that the interests of justice do not require it to retain jurisdiction over the state law claims, which will be dismissed without prejudice.

**Conclusion**.

For the foregoing reasons, the Court concludes that plaintiff fails to state a claim upon which relief can be granted under the PROTECT Act in Counts I through III of the complaint, and therefore defendant's motion to dismiss these counts under Rule 12(b)(6) should be granted. The Court declines to exercise supplemental jurisdiction over plaintiff's state law claims in Counts IV, V and VI, and will dismiss these counts without prejudice. As a result, the Court does not address defendant's motion to dismiss directed to Count IV.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Thomas Oswald's motion to dismiss, or in the alternative for more definite statement, is **GRANTED in part**, **DENIED in part**, and **DENIED in part as moot**; defendant's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is **DENIED**; defendant's motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) is **GRANTED** as to Counts I, II and III, and defendant's alternative motion for more definite statement is **DENIED as moot**. [Doc. 13]

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over the state law claims in Counts IV, V and VI of the complaint and these counts are **DISMISSED without prejudice**.

An appropriate order of dismissal will accompany this memorandum and order.

*[signature]*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  22nd  day of September, 2008.